Hugo Torbet
Attorney at Law, SBN 147650
3223 Webster St.
San Francisco, CA 94123
Telephone: (415) 986-9400
email: steadyrolling@gmail.com

Attorney for Plaintiff
Joseph Cook

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH COOK, | No. |
| Plaintiff, | |
| v. | COMPLAINT FOR WRONGFUL TERMINATION AND DEMAND FOR JURY TRIAL |
| CITY AND COUNTY OF SAN FRANCISCO, and DOES 1 through 20, inclusive, | |
| Defendants. | |

Plaintiff Joseph Cook avers that:

I. <u>Jurisdiction and Venue</u>

1.  Jurisdiction is founded upon 28 U.S.C. § 1331, in that this is an action which arises under 42 U.S.C. § 2000e-2 and 42 U.S.C. § 1983.  In addition, plaintiff invokes this court's supplemental jurisdiction over his state law claims upon the authority of 28 U.S.C. § 1367.

2.  Venue is founded upon 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this judicial district.

///

## II. Intradistrict Assignment

3. A substantial part of the events giving rise to the claims alleged herein occurred in the County of San Francisco.

## III. Introduction

4. On April 1, 2022, plaintiff was fired from his job with the Department of Child Support Services.  This adverse employment action followed the decision of his department head, Karen M. Roye, to adopt the recommendations resulting from a <u>Skelly</u> hearing.  The essential charge against plaintiff was that he had not submitted to the mRNA medical experiment, so that he allegedly presents "an immediate danger to public health and safety."  Critically, at no point during the months and months of indecision, did the City give any consideration, let alone serious consideration, to plaintiff's religious objection to the mRNA experiment and request for a reasonable accommodation.

## IV. Parties

5. Plaintiff Joseph Cook is an individual.

6. Defendant City and County of San Francisco is a government entity.

7. The true names and capacities of those defendants sued herein by the fictitious designations of Does 1 through 20, inclusive, are unknown to plaintiff at the present time.  Their true names and capacities will be in included in an amendment to this complaint as soon as they are learned.  Plaintiff is informed and believes, and thereon alleges, that each of these fictitiously named defendants is legally or equitably liable or responsible to him on the facts averred herein.

///

|   |   |
|---|---|
| 1 | V. <u>Facts</u> |
| 2 | 8.  Plaintiff is informed and believes, and thereon alleges, |
| 3 | that in doing, or omitting to do, what they are herein alleged to |
| 4 | have done, or omitted to do, each of the defendants was the |
| 5 | employee, agent, or joint venturer of each of the other |
| 6 | defendants, and was acting within the course and scope of the |
| 7 | employment, agency, or joint venture. |
| 8 | 9.  Plaintiff was employed by the Department of Child |
| 9 | Support Services in a permanent, full-time Civil Service position |
| 10 | as a Class 1404 Clerk. |
| 11 | 10.  Beginning in about June 2021, defendants issued a |
| 12 | "COVID-19 Vaccination Policy."  Thereafter, defendants updated it |
| 13 | every few months.  The upshot of the policy is that defendants |
| 14 | decreed that "as a condition of employment," all of its employees |
| 15 | must submit to the mRNA experiment within "10 weeks after the |
| 16 | Federal Food & Drug Administration (FDA) giv[es] final approval |
| 17 | to at least one COVID-19 vaccine." |
| 18 | 11.  Having profound and sincere religious objections to the |
| 19 | mRNA experiment, plaintiff used the process which defendants |
| 20 | provided to ask for an exemption from the vaccination requirement |
| 21 | and for a reasonable accommodation. |
| 22 | 12.  On October 1, 2021, plaintiff received a form back from |
| 23 | defendants.  This form included no discussion; it stated only |
| 24 | that plaintiff's request is denied.  A box was checked that |
| 25 | "Documentation Insufficient to Show a Conflict Between |
| 26 | Vaccination Requirement and Sincerely Held Religious Belief, |
| 27 | Practice or Observance." |
| 28 | 13.  On October 29, 2021, plaintiff received a letter from a |

Complaint for Wrongful Termination and Demand for Jury Trial  3

1 Departmental Personnel Officer, which informed him that the
2 Department of Child Support Services was recommending that he be
3 fired for "failure to comply with the vaccination requirement of
4 the City's COVID-19 Vaccination Policy."
5     14.   The letter recounted, among other items, the following:
6         (a)  "On June 23, 2021, the City issued the COVID-19
7         Vaccination Policy which required that all employees, as a
8         condition of employment, be fully vaccinated and report that
9         vaccination status to the City no later than 10 weeks after
10         the Federal Fool & Drug Administration (FDA) **gives final**
11         **approval to at least one COVID-19 vaccine**."  (Emphasis
12         added.)
13         (b)  "On August 23, 2021, the FDA gave final approval
14         of the Pfizer-BioNTech (Comirnaty) vaccine for the
15         prevention of COVID-19 disease in individuals 16 years of
16         age and older."
17         (c)  "On August 25, 2021, the City sent you a notice
18         via email and US Mail that the Pfizer-BioNTech (Comirnaty)
19         had **been granted full FDA approval**."  (Emphasis added.)
20     15.   Setting aside for the moment the significant question
21 whether defendants have the power to unilaterally change the
22 terms and conditions of employment outside of a collective
23 bargaining agreement for employees who, like plaintiff, work
24 under a collective bargaining agreement, the letter, or rather
25 the argument implied therein, conflates the legal issues to the
26 point of shocking misrepresentation.
27         (a)  The FDA did grant a "Biologics License" to a
28         product named "Comirnaty," which is manufactured by company

Complaint for Wrongful Termination and Demand for Jury Trial    4

called, "BioNTech," in Germany, subject to very strict conditions. This product, however, was not available in the United States at any time relevant to this complaint, if it is even today.

(b) Contrary to the intentionally deceptive language used by defendants, the Pfizer product has not been granted a "Biologics License." Instead, at all times relevant herein, the Pfizer product has been available only under an Emergency Use Authorization. Furthermore, in extending the Emergency Use Authorization for the Pfizer product, the FDA specified that the Pfizer product is "legally distinct" from the BioNTech product.

16. On or about December 22, 2021, plaintiff received a letter from the Director of his agency, Karen M. Roye. In this letter, plaintiff is informed that he will be placed on unpaid leave until April 1, 2022, but that if he submits to the mRNA experiment by March 16, 2022, he will be placed back on the job.

17. As noted in the introduction, on April 1, 2022, plaintiff was fired from his job "for failure to comply with the City's COVID-19 Vaccination Policy requirements."

18. Plaintiff lodged a grievance of this matter with the United States Equal Employment Opportunity Commission, which issued him a right to sue letter on September 6, 2022.

### VI. Claims

#### First Claim for Relief

#### Wrongful Termination

19. Plaintiff incorporates by reference all of the averments in Paragraphs 1 through 18, inclusive, as though fully

set forth herein.

20.  21 U.S.C. § 360bbb-3(e)(1) provides in pertinent part that:

> With respect to the emergency use of an unapproved product, the Secretary ... shall ... establish:
>
> ...
>
>   (ii) Appropriate conditions designed to ensure that individuals to whom the product is administered are informed—
>
>   ...
>
>     (III) of the option to accept or refuse administration of the product, of the consequences, if any, of refusing administration of the product, and of the alternatives to the product that are available and of their benefits and risks.

21.  Plaintiff was fired for refusing the administration of a medical product which is only authorized for use under an Emergency Use Authorization.  However, it was his absolute statutory right to refuse the administration of this medical product.  Defendants had no valid, legal authority to demand that plaintiff submit to the mRNA experiment, and they have no evidence whatsoever that there is a "COVID-19 vaccine" available in the United States for which the FDA has granted "final approval."

22.  Defendants violated plaintiff's rights under his collective bargaining agreement, including, but not limited to, the right to continued employment upon satisfactory job performance, the right to pension and benefits contributions, the right to periodic raises, and the opportunities for advancement and other benefits attendant with progressing seniority.

23.  Defendants' misconduct has caused plaintiff to suffer

1 economic and general damages in such amounts which will be proven
2 just at trial.

### Second Claim for Relief

### Breach of the Collective Bargaining Agreement

24. Plaintiff incorporates by reference all of the averments in Paragraphs 1 through 23, inclusive, as though fully set forth herein.

25. Plaintiff's employment was governed by a collective bargaining agreement between defendants and Service Employees International Union Local 1021. The contract in effect through plaintiff's firing is hosted here:

  https://sfdhr.org/sites/default/files/documents/MOUs/SEIU-Local-1021-2019-2022.pdf

26. Plaintiff incorporates by reference the whole of the collective bargaining agreement the same as if it were set forth herein in its entirety.

27. In no sense, and in no place, does this collective bargaining agreement grant to defendants any power or authority to unilaterally change the terms and conditions of plaintiff's employment, including, but not limited to, requiring, upon highly suspect science, at best, that he "must, as a condition of employment: ... be fully vaccinated ... no later than ... 10 weeks after the Federal Food & Drug Administration (FDA) giving final approval to at least one COVID-19 vaccine."

28. In fact, in conformance with California law, e.g., California Civil Code § 1698(a), the collective bargaining agreement provides at Paragraph 816 that:

///

> This Agreement sets forth the full and entire understanding of the parties regarding the matters herein. This agreement may be modified, but only in writing, upon the mutual consent of the parties.

29. When defendants issued their "COVID-19 Vaccination Policy," and purported to decree that plaintiff must submit to the mRNA experiment, they breached the collective bargaining agreement which governed plaintiff's employment. In addition, when defendants fired plaintiff for not submitting to the mRNA experiment, they fired him for reasons which are not permitted by the collective bargaining agreement.

30. As a result of defendants' breach of the collective bargaining agreement, plaintiff has suffered economic and general damages in such amounts as will be proven just at trial.

### Third Claim for Relief

### Violation of 42 U.S.C. § 2000e-2

31. Plaintiff incorporates by reference all of the averments in Paragraphs 1 through 30, inclusive, as though fully set forth herein.

32. Plaintiff's religious objection to the mRNA experiment is bona fide and sincerely held.

33. When defendants failed to provide a reasonable accommodation of plaintiff's religious belief, and instead fired him, because of that sincerely held belief, defendants violated 42 U.S.C. § 2000e-2(a)(1).

34. At all relevant times, plaintiff performed the duties of his employment competently.

35. As a proximate result of defendants' violation of 42 U.S.C. § 2000e(a)(1), plaintiff has suffered general damages and

economic losses, including, but not limited to, lost wages, lost pension and benefits contributions, and lost seniority.

### Fourth Claim for Relief

### Violation of 42 U.S.C. § 1983

36. Plaintiff incorporates by reference all of the averments in Paragraphs 1 through 35, inclusive, as though fully set forth herein.

37. Plaintiff's right to the free exercise of his religion is guaranteed by the First Amendment.

38. When defendants issued their "COVID-19 Vaccination Policy," and thereupon took adverse employment actions against plaintiff for his sincerely held religious beliefs, they were acting under color of law.

39. As a proximate result of defendants' violation of his civil rights, plaintiff has suffered general and economic damages of such a nature and in such amounts as will be proven at trial.

### Fifth Claim for Relief

### Violation of California Government Code § 12940(a)

40. Plaintiff incorporates by reference all of the averments in Paragraphs 1 through 39, inclusive, as though fully set forth herein.

41. Plaintiff's religious objection to the mRNA experiment is bona fide and sincerely held.

42. When defendants failed to provide a reasonable accommodation of plaintiff's religious belief, and instead fired him, because of that sincerely held belief, defendants violated California Government Code § 12940(a).

42. At all relevant times, plaintiff performed the duties

1 of his employment competently.

2     43.  As a proximate result of defendants' violation of California Government Code § 12940(a), plaintiff has suffered general damages and economic losses, including, but not limited to, lost wages, lost pension and benefits contributions, and lost seniority.

## VII.  <u>Prayer for Relief</u>

Wherefore, plaintiff Joseph Cook prays judgment as follows:

1. that he be awarded general and economic damages according to proof;
2. that he be reinstated with full back pay and with all pension and benefits contributions brought forward and made current;
3. that his reinstatement include a full vesting of seniority;
4. that he be awarded a reasonable attorney fee;
5. that he be awarded his costs of suit; and
6. that he have and enjoy all other just relief.

## VIII.  <u>Demand for Jury Trial</u>

Plaintiff Joseph Cook hereby demands trial by jury to the full extent authorized by law for the claims averred herein and for any additional claims which may be averred in amended and supplemental pleading in this proceeding.

Dated:  December 5, 2022

                                        Respectfully submitted,

                                        s/ Hugo Torbet

                                        Attorney for Plaintiff Joseph Cook